```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

KEITH W. FEW,

        Plaintiff,

vs.                                Case No. 15-9088-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

On August 6, 2015, defendant filed a motion to dismiss (Doc. 8-9). Plaintiff filed a response on August 12, 2015 (Doc. 10). Plaintiff has also filed a number of supplemental briefs (Doc. 12-16).

Defendant seeks dismissal of the case because of their allegation that plaintiff failed to exhaust administrative remedies. The court will therefore set forth the relevant timeline in this case.

      March 2, 2009: Plaintiff applied for Title II and Title XVI benefits (Doc. 9-1 at 7).

      October 27, 2011: Administrative Law Judge (ALJ) Susan Blaney issued 1st order denying plaintiff disability benefits (Doc. 9-1 at 7-16).

      March 20, 2013: Appeals Council remanded case back to ALJ (Doc. 9-1 at 22-25).

1

> February 10, 2014:  ALJ George Bock issued 2nd order denying plaintiff disability benefits (Doc. 9-1 at 29-40).
>
> April 3, 2015:  Appeals Council again remanded case back to ALJ (Doc. 9-1 at 49-53).
>
> May 28, 2015:  Notice sent to plaintiff of hearing before ALJ Timothy Stueve for September 21, 2015 (Doc. 9-1 at 54-59).

The court would note that plaintiff is proceeding pro se. A pro se litigant's materials are entitled to a liberal reading, and consequently, the court will make some allowances for the pro se litigant's failure to cite proper legal authority, their confusion of various legal theories, their poor syntax and sentence construction, or their unfamiliarity with pleading requirements, but the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.  Weaver v. Astrue, 353 Fed. Appx. 151, 154 (10th Cir. Nov. 18, 2009).

42 U.S.C. § 405(g) provides that a party may obtain judicial review in federal district court of any "final decision" of the Commissioner after a hearing.  The term "final decision" is left undefined by the Social Security Act and its meaning is to be fleshed out by the Commissioner's regulations. Weinberger v. Salfi, 422 U.S. 749, 766, 95 S. Ct. 2457, 2467 (1975).

The administrative review process in Social Security disability cases is set forth in 20 C.F.R. §§ 404.900 and 416.1400:

> (a) Explanation of the administrative review process. This subpart explains the procedures we follow in determining your rights under title II/XVI of the Social Security Act. The regulations describe the process of administrative review and explain your right to judicial review after you have taken all the necessary administrative steps… The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:
>
> (1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 404.902/416.1402, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> (5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are

> dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.
>
> (6) Expedited appeals process. At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to a Federal district court so that the constitutional issue may be resolved.

The regulation concerning judicial review is as follows:

> (a) General. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner. A claimant may also obtain judicial review of a reconsidered determination, or of a decision of an administrative law judge, where, under the expedited appeals procedure, further administrative review is waived by agreement under §§ 404.926, 410.629d, or 416.1426 of this chapter or 42 CFR 405.718a-e as appropriate.

20 C.F.R. § 422.210(a).  See Bowen v. City of New York, 476 U.S. 467, 471-472, 106 S. Ct. 2022, 2025-2026 (1986).

The above regulations make clear that federal court review can only be sought after the Appeals Council has denied the request for review, or a decision by the Appeals Council when that is the final decision of the Commissioner.  This case has been pending before the Commissioner for over 6 ½ years.

4

However, on April 3, 2015, the Appeals Council, for the 2nd time, remanded the case for further proceedings, and the case is presently pending before an ALJ.  Plaintiff filed this case on May 27, 2015 (Doc. 1).  Plaintiff was notified on May 28, 2015 by the defendant that a hearing before an ALJ was set for September 15, 2015.  There is no information before the court that a final decision has been issued by the Commissioner.

The court's sole jurisdictional basis in social security cases arises from 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Commissioner.  <u>Brandtner v. Dep't of Health and Human Services</u>, 150 F.3d 1306, 1307 (10th Cir. 1998).  In the case of <u>Gibbs v. Colvin</u>, 529 Fed. Appx. 950, 953 (10th Cir. July 18, 2013), plaintiff filed his complaint while a hearing was still pending before an ALJ, and therefore, before a review by the Appeals Council of the ALJ decision.  The court held that plaintiff had failed to exhaust his administrative remedies and was not entitled to judicial review.

The facts of the case before this court are identical to those in <u>Gibbs</u> because the matter is still pending before an ALJ.  The Appeals Council has not denied review or issued a final decision.  Because there has been no "final decision" in this case, this court lacks jurisdiction to hear the case.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. 8-9) is granted.

A copy of this order shall be mailed to plaintiff by regular mail and certified mail, return receipt requested.

Dated this 30th day of September 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge