IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEITH W. FEW,

           Plaintiff,

vs.                              Case No. 15-9088-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

           Defendant.

MEMORANDUM AND ORDER

    On September 30, 2015, the court issued an order dismissing this case because of defendant's failure to exhaust his administrative remedies (Doc. 18). On October 2, 2015, plaintiff filed a motion to reconsider (Doc. 20), and a motion to proceed in federal jurisdiction (Doc. 21). Defendant filed a response on October 27, 2105 (Doc. 29), and plaintiff filed a reply brief on October 30, 2015 (Doc. 30).

    As the court indicated in its opinion of September 30, 2015, federal court review can only be sought after a "final decision," which is when the Appeals Council has denied the request for review, or a decision by the Appeals Council when that is the final decision of the Commissioner. Plaintiff has provided the court with no evidence that a final decision has

been made by the Commissioner.  In fact, defendant provided documentary information that plaintiff's case was dismissed on September 23, 2015 after plaintiff failed to appear at a hearing before the ALJ scheduled for September 21, 2015 (Doc. 9-1 at 3, 54; Doc. 29-1 at 2, 5-6).[1]  The notice of dismissal indicates that plaintiff has 60 days from receipt of the notice to file a written appeal to the Appeals Council.  The Appeals Council will assume that plaintiff received the notice within 5 days of the date of the notice (September 23, 2015) unless plaintiff can show he did not receive it within the 5-day period (Doc. 29-1 at 2-3).  Thus, plaintiff still has time to file an appeal with the Appeals Council.

Plaintiff asserts that he believes that he cannot receive a fair final decision from the Commissioner because he knows the Commissioner personally, creating a conflict of interest (Doc. 20, 21, 30).  Plaintiff further alleges that defendant Commissioner is retaliating against the plaintiff (Doc. 30).

The requirement that the administrative remedies be exhausted and a final decision obtained is waivable when a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate.  <u>Bowen v. City of New York</u>, 476 U.S. 482-483, 106

---

[1] The court mistakenly indicated in its order of September 30, 2015 that the hearing before the ALJ was set for September 15, 2015 (Doc. 18 at 5).  In fact, as noted in the record, the hearing before the ALJ was set for September 21, 2015 (Doc. 9-1 at 3, 54).

S. Ct. 2022, 2031 (1986).  This is so when 3 requirements have been met: (1) plaintiff asserts a colorable constitutional claim that is collateral to the substantive claim of entitlement, (2) exhaustion would result in irreparable harm, and (3) exhaustion would be futile.  Harline v. Drug Enforcement Administration, 148 F.3d 1199, 1203 (10th 1998); Koerpel v. Heckler, 797 F.2d 858, 862 (10th Cir. 1986).  On the other hand, if a claimant alleges a mere deviation from the applicable regulations in his or her particular administrative proceeding, such individual errors are, in the normal course, fully correctable upon subsequent administrative review since the claimant on appeal will alert the agency to the alleged deviation.  Because of the agency's expertise in administering its own regulations, the agency ordinarily should be given the opportunity to review application of those regulations to a particular factual context.  Bowen, 476 U.S. at 484-485, 106 S. Ct. at 2032.

   The court finds that plaintiff's allegations of the Commissioner's personal knowledge of the plaintiff, a conflict of interest, and retaliation do not meet the 3 requirements needed to waive exhaustion of administrative remedies: a colorable constitutional claim, exhaustion resulting in irreparable harm, and exhaustion being futile.  In fact, the decision of the Appeals Council, dated April 3, 2015, overturned the decision of the ALJ because of errors in the ALJ decision,

and remanded the case to a new ALJ.  The agency should be provided an opportunity to consider plaintiff's claims of a conflict of interest or retaliation.  Therefore, plaintiff must exhaust his administrative remedies.  Plaintiff still has time to file an appeal with the Appeals Council of the notice of dismissal by the ALJ.

IT IS THEREFORE ORDERED that plaintiff's motion to reconsider (Doc. 20) and motion to proceed in federal jurisdiction (Doc. 21) are denied.

A copy of this order shall be mailed to plaintiff by regular mail and certified mail, return receipt requested.

Dated this 6th day of November 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge